BARNBARGER BLOOM & CO., ET AL. *v.* T. D. KINGSTON.

**Bill of Exceptions.**

What is not in a bill of exceptions over the signature of the judge is not a part of the record and does not become so by being copied and attached to the record by the clerk.

**Attachment.**

An attachment can only be maintained where there is fraud, and where fraud is not shown an attachment will fail.

RESPONSE TO PETITION FOR REHEARING.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

January 27, 1886.

OPINION BY JUDGE BOWDEN:

That the deposition of T. D. Kingston was not made a part of the record in this case by the bill of exceptions is too well settled upon principle and authority to be now seriously questioned. Our courts, established for the administration of justice by uniform rules, are courts of record, and in this way they speak, and in this way only. The record is made up under the eye of the judge and all that is said and done, touching a given issue, is considered only when it has the approval in theory and thereby in fact. The wisdom of this rule is in its necessity, and it needs no vindication by the courts, nor can it be slackened to meet necessities. If it should be, each case, having its necessities, would be a law unto itself, and there would be no rule. It may be inveighed against as technical, as working out, now and then, misfortune or even injustice; but an investigation of the complaints will generally show that the trouble comes not from the rule but from a disregard of it.

The court speaks through its orders spread upon its records in full, and as to the details of a trial, through a bill of exception

signed by the judge and made a part of the record by an order. This bill of exceptions is therefore made by the judge, not by the judge in part and the clerk in part. What is not in the bill over the judge's signature is not a part of the record made by him, and if not in the orders made by him is not in the record. Things so fundamental in their nature, so simple and easy in practice, are certainly too important to be disregarded upon the plea of technicality.

"The trial of the attachment shall be by the court; and the witnesses shall be orally examined, except in cases wherein depositions might be read in an ordinary action." Civ. or Crim. Code, 1876, § 264. This certainly contemplates a trial at bar as in an ordinary action, and the bill of exceptions must be made up as in such cases. This rule seems to have been recognized in these cases both by a trial at bar, and by making up a bill, and therefore the rules applicable to other cases apply.

But allowing that the order of court identifies the deposition of Kingston not only as the one on file, but the only one on file, and allowing that it may be considered, we still think that the judgment discharging the attachments was correct for several reasons. First, the debts sued for in these cases, all maturing about the same time the attachments were sued out, amount without interest to $1,547.16. If Kingston owed any other debts beside a mortgage debt secured by lien on real estate it does not appear to whom or when due or for how much. The goods at the forced sales under these attachments sold for $1,564.77. It appears that he owned a one-half interest in real estate, for which he paid $4,800 subject to a mortgage lien for $1,760, his half interest, worth probably $1,000 to $1,200. He also owned a life estate in another house and lot. Kingston says all through his deposition that he believed he had property enough to pay his debts if allowed to sell it in the ordinary course of trade, and that his intention was to sell and pay his debts. No case of actual fraud is shown and none can be inferred from the evidence unless from the advertisement in the papers and by posters, but such advertisements are shown not to be unusual, and taken in connection with the admitted condition and purpose of defendant are not sufficient to show fraud.

It may be that Kingston's hope to pay his debts was not well founded, but to struggle with adverse circumstances is not a fraud;

such a struggle is only fraudulent when the struggle is a pretense and fraud the object. The evidence does not make this manifest. If Kingston was insolvent it was his duty to have made an assignment for the benefit of all of his creditors, and if he had made payment to any one of his creditors, when not able to pay all, he would have perpetrated a legal fraud, though not thereby an actual fraud. If the creditors or any of them knew of his insolvency it would seem that fairness and good comity should have suggested that they urge an assignment for all rather than take the chances of individual advantage because of conduct the declared object of which was the equality of all. A purpose to treat all alike and as speedily as time will allow is not a fraudulent purpose, and if the good faith of the purpose was doubted, why not demand that the purpose be executed in a mode provided by law, rather than make a declared purpose the opportunity to gain priority because the expressed purpose did not exist and was expressed that a fraud might be perpetrated? We think the judgment correct and the petition for a rehearing must be overruled.

*Brown Humphrey & David, Allen & Murray,* for appellants.
*Kinchelor & Eskridge,* for appellee.